AMERICAN GUILD OF MUSICAL ART-
ISTS, an unincorporated association

v.

ATLANTA MUNICIPAL THEATER,
INC., a corporation and Christo-
pher B. Manos, individually.

No. 12494.

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 12, 1970.

Becker & London, New York City, Adair, Goldthwaite, Stanford & Horn, Atlanta, Ga., Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiff.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant Manos.

## ORDER

EDENFIELD, District Judge.

This is an action under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) in which plaintiff, the duly recognized collective bargaining agent of defendants' employees, seeks to recover from defendant certain past-due wages and other monies which defendant allegedly owes to individual employees. Default judgment was entered against Defendant Atlanta Municipal Theater, Inc. on June 25, 1969. The case is now before the court for consideration of motions for summary judgment by plaintiff and by Defendant Manos.

Defendant Manos has also raised a question as to whether an ac-

tion such as this can arise under 29 U. S.C. § 185. He contends that wages paid to the theater's employees are controlled by individual contracts rather than by the collective bargaining agreement and that, with one exception, the claims set forth in the complaint therefore do not arise under 29 U.S.C. § 185. The court notes, however, that the collective bargaining agreement specifically provides for minimum compensation which must be paid to performing artists and other employees covered by the collective bargaining agreement, even though the employer and individual employees were required to have individual contracts as well and were permitted to contract for higher wages than those specified in the collective bargaining agreement. It is now well settled that in certain circumstances unions may maintain LMRA breach-of-contract suits to enforce rights which are uniquely personal to the employees the union represents as well as to enforce rights belonging to the union itself. International Union, United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). See also CCH Labor Law Reporter, 2 Labor Relations, ¶ 3255.01, et seq. The extent to which the union may sue to enforce individual employees' rights has not yet been clearly defined, but the Supreme Court has used language to suggest that it is very broad indeed.[1] In any event, where—as here—the individual rights sought to be enforced have their basis in both the collective bargaining agreement and the individual employee contracts, the union will be permitted to maintain the action. See Auto Workers v. Hoosier Corp., supra at 699–700, 86 S.Ct. 1107.

■ As to the motions for summary judgment it appears that both must be denied because there is a factual issue as to whether Defendant Manos, who signed the contract between plaintiff and Atlanta Municipal Theater, Inc., signed only as the latter's agent or whether he bound himself individually. The parties agree that when an individual signs a contract as agent for a disclosed principal the individual is *not* bound personally unless there is something in the body or on the face of the instrument to indicate otherwise. It is undisputed that the basic contracts in the instant case contain printed clauses which, if completed would bind the agent personally, but the lines provided in those clauses for insertion of the agent's name are blank.[2] Plaintiff contends that merely having the clause in

---

1. *See, e. g.,* Auto Workers v. Hoosier Corp., 383 U.S. 696; 86 S.Ct. 1107 (1966), where the court cites 29 U.S.C. § 185(b) for the proposition that "(a)ny * * * labor organization may sue * * * in behalf of the employees whom it represents in the courts of the United States." *Id.* at 700, 86 S.Ct. at 1110.

2. Paragraph 46 of Contract "A" provides as follows:

"46. PERSONAL LIABILITY. It is understood and agreed that _____, who is signing this Agreement on behalf of the Employer as an agent and representative of the Employer, is also signing this Agreement in his capacity as an individual in addition to his capacity as an agent and representative of the Employer, and his signature to this Agreement shall bind him, individually and personally, as well as the Employer. Christopher B. Manos hereby warrants and represents that he has the requisite authority as an agent and representative of the Employer to sign this agreement on behalf of,· and to bind, the Employer." *See* page 19 of Exhibit "A" to the Complaint.

Paragraph 41 of Contract "B" provides as follows:

"41. OBLIGATIONS OF SIGNATORIES. It is understood and agreed that _____ who is signing this agreement on behalf of the EMPLOYER as an agent and representative of the EMPLOYER, is also signing this agreement in his capacity as an individual in addition to his capacity as an agent and representative of the EMPLOYER, and as the EMPLOYER. Christopher B. Manos hereby warrants and represents that he has the requisite authority as an agent and representative of the EMPLOYER to sign this agreement on behalf of, and to bind, the EMPLOYER." *See* page 18 of Exhibit "B" to the Complaint.

the contract *form* is sufficient, while Defendant Manos contends that the fact that the agent's name was not written into the clauses clearly indicates that the clauses were not intended to be a part of the contracts entered into by the parties to this suit. These contentions create a factual issue as to whether the signatories to the contracts intended the printed clauses to be a part of the contracts in question and the motions for summary judgment therefore must be denied.

It is so ordered.